Paul Wesley CASSIDY, Relator,

v.

Hon. Lawrence L. FULLER, District Judge, 143rd Judicial District, et al., Respondents.

No. B–7359.

Supreme Court of Texas.

April 19, 1978.

Fillmore, Lambert, Farabee, Purtle & Lee, Michael R. Spurgers and Ray Farabee, Wichita Falls, for relator.

Roddy L. Harrison, Pecos, for respondent.

STEAKLEY, Justice.

This is an original mandamus action in which Relator, Paul Cassidy, seeks an order directing Honorable Lawrence L. Fuller to transfer Relator's motion to modify the child support provisions of a prior divorce decree from the 143rd District Court in Reeves County to the 97th District Court in Clay County. The writ is conditionally granted.

Paul and Pauline Cassidy were divorced in December, 1976. The decree of divorce was rendered by the 143rd District Court in Reeves County. Pauline Cassidy was appointed the managing conservator of the two children of the marriage and it was decreed that Paul Cassidy pay the monthly sum of Five Hundred Dollars ($500.00) to the District Clerk of Reeves County for the support of the children.

In July, 1977, Paul Cassidy filed in the 143rd District Court in Reeves County, the court with continuing jurisdiction, a motion to modify the support decree. He also filed a motion to transfer the proceeding to Clay County. It is undisputed that Pauline Cassidy and the two children had resided in Clay County more than six months at the time the motion to modify was filed.

Pauline Cassidy filed separate answers to the motions to modify and to transfer the proceedings. In opposing the motion to transfer, she alleged that she and Paul had property in Reeves County, and that the best interests of the children would not be served by transfer of the modification proceeding to Clay County. A hearing on the motion was held before Judge Fuller, following which he denied the motion to transfer. Paul Cassidy thereupon brought this original mandamus action.

The question of venue in suits affecting the parent-child relationship is governed by the provisions of the Family Code. Section 11.04 of the Family Code[1] provides, in pertinent part, as follows:

§ 11.04. Venue

(a) Except as otherwise provided in this subtitle, a suit affecting the parent-child relationship shall be brought in the county where the child resides.

(b) A suit in which adoption is sought may be brought in the county where the child resides, the petitioners reside, or if the child is placed for adoption by an authorized agency, in the county where the authorized agency is located.

(c) A child resides in the county where his parents (or parent if only one parent is living) reside, except that:

(1) if a managing conservator has been appointed by court order or designated in an affidavit of relinquishment, or if a custodian for the child has been appointed by order of a court before January 1, 1974, the child resides in the county where the managing conservator or custodian resides; . . .

Section 11.06 of the Code prescribes the procedure for the transfer of proceedings; subsections (b) and (c) provide:

§ 11.06. Transfer of Proceedings

.   .   .   .   .

(b) If a petition or a motion to modify a decree is filed in a court having continuing jurisdiction of the suit, the court, on the timely motion of any party, and on a showing that venue is proper in another county or that a suit for dissolution of marriage has been filed in another court, shall transfer the proceeding to the county where venue is proper or to the court where the suit for dissolution of the marriage is pending. However, if the basis of the motion is that the child resides in

1. All statutory references are to the Tex.Family Code Ann. §§ 11.01 et seq. (1975, Supp.1978).

another county, the court may deny the motion if it is shown that the child has not resided in that county for at least six months. In computing the period of time during which the child has resided in that county, the court shall not require that the period of residence be continuous and uninterrupted but shall look to the child's principal residence during the said six-months period.

(c) For the convenience of the parties and witnesses and in the interest of justice, the court, on the timely motion of any party, may transfer the proceeding to a proper court in any other county in the state.

■ The intent of the Legislature regarding venue in suits affecting the parent-child relationship is clearly stated in Section 11.04(a). It is provided that the venue of such proceedings shall be in the county in which the child resides; and as here pertinent, Section 11.04(c)(1) provides that the child is to be considered as residing in the county where the appointed managing conservator resides. It is manifest, we think, that this venue provision was enacted for the reason that current circumstances affecting the child may usually be best shown in the county where the child resides. Moreover, the venue provision, together with the mandatory requirement of Section 11.06(b), will forestall forum shopping.

■ As indicated above, we hold that Section 11.06(b) is mandatory in its provision that ". . . the court, on the timely motion of any party, and on a showing that venue is proper in another county . . . *shall* transfer the proceeding to the county where venue is proper . . . ." While the use of the word "shall" is not necessarily determinative that a statute is mandatory, see *Chisholm v. Bewley Mills,* 155 Tex. 400, 287 S.W.2d 943 (1956), it clearly was so intended here. Immediately following in Section 11.06(b) is the further provision that the court "may" deny the motion [for a change of venue where the child resides in another county] if it is shown that the child has not resided in such county for at least six months. The mandatory provisions of

the statute are invoked here by the motion to transfer the proceeding to Clay County where it is undisputed that the two children of the marriage, together with Pauline Cassidy, their appointed managing conservator, have resided more than six months.

Counsel for Judge Fuller argues that subsection (c) of Section 11.06 modifies subsection (b) and that the discretionary provisions of subsection (c) are engrafted into subsection (b). We disagree. It is apparent that the two subsections serve distinctive functions. Subsection (b) requires a transfer of the proceeding to the county where venue is proper, i. e., to the county where the child has resided more than six months. Subsection (c) does not address the question of venue. Subsection (c) is predicated upon the principle of convenient forums, see Smith, *Commentary on Section 11.06,* 5 Tex. Tech.L.Rev. 400 (1974), and, in our view, should be read as presupposing that the proceeding is pending in the county of proper venue.

Accordingly, we hold that it was the mandatory duty of Judge Fuller to transfer the current proceeding to Clay County. It is expected that Judge Fuller will do so in accordance with this opinion; the writ of mandamus will issue only in the event he does not do so.