Memorie Ann BLACKLOCK, Relator,

v.

Honorable Dee MILLER, Respondent.

No. 05–84–01218–CV.

Court of Appeals of Texas, Dallas.

May 9, 1985.

[black redaction]

J. William Walkup, Dallas, for relator.

S. Dan Edwards, Jr., Dallas, for respondent.

Before STEPHENS, VANCE and MALONEY, JJ.

STEPHENS, Justice.

In this original mandamus proceeding, Relator, Memorie Ann Blacklock, seeks an order directing Honorable Dee Miller to transfer continuing jurisdiction in a suit affecting the parent child relationship to Tarrant County, Texas. Because the trial court found that the children's residency was established in Oklahoma prior to the time relator filed her motion to modify, relator's petition is denied.

Relator is the mother and possessory conservator of two minor children. Respondent is the children's father and managing conservator. On August 4, 1984, Relator filed a Motion to Modify and an ancillary Motion to Transfer. Relator's Motion to Transfer was subsequently denied. Relator contends that the transfer of venue to Tarrant County is not only proper, but is mandated by TEX.FAM.CODE ANN. § 11.06(b) (Vernon Supp.1985) because at the time her motion was filed, the children had resided in Tarrant County in excess of six months. Section 11.06(b) provides:

(b) If a petition for further action concerning the child or a motion to modify or enforce a decree is filed in a court having continuing jurisdiction of the suit, on the timely motion of any party, the court shall transfer the proceeding to the county where venue is proper on the basis of either a supporting uncontroverted affidavit or after a hearing when a controverting affidavit contesting the venue has been filed. *If the basis of the motion is that the child resides in another county, the court may deny the motion if it is shown that the child has resided in that county for less than six months at the time the proceeding is commenced. If the child resided in another county for six months or longer, the court shall transfer the proceeding to that county.* In computing the period of time during which the child has resided in that county, the court shall not require that the period of residence be continuous and uninterrupted but shall look to the child's principal residence during the said six-months period. [Emphasis added].

[black redaction] In its order denying Relator's Motion to Transfer, the trial court found "that the residency of the Managing Conservator was established in Oklahoma on the 23rd day of July, 1984." TEX.FAM.CODE ANN. § 11.04(a) (Vernon 1975) and § 11.04(c)(1) (Vernon Supp.1975–1980) provide:

(a) Except as otherwise provided in this subtitle, a suit affecting the parent-child relationship *shall be brought in the county where the child resides.*

\*  \*  \*  \*  \*  \*

(c) A child resides in the county where his parents (or parent if only one parent is living) reside, except that:

(1) If a managing conservator has been appointed by the court order or designated in an affidavit of relinquishment, or if a custodian for the child has been appointed by order of a court before January 1, 1974, *the child resides in the county where the managing conservator or custodian resides;* [emphasis added].

We conclude that it is irrelevant that the children may have resided in Tarrant County in excess of six months prior to their move to Oklahoma. The critical time with regard to the existence of venue facts is the time of filing suit. *Chem-Spray Aerosols, Inc. v. Edwards,* 576 S.W.2d 478 (Tex. Civ.App.—Houston [14th Dist.] 1979, error dism'd). Since the children's residence was no longer in Tarrant County at the time relator's motion was filed, venue is not proper in that county, and the mandatory provision of § 11.06(b) does not apply. Re-

lator's petition for writ of mandamus is denied.