Petition for Writ of Mandamus Conditionally Granted and Majority and
Dissenting Opinions filed January 16, 2009








 

Petition
for Writ of Mandamus Conditionally Granted and Majority and Dissenting Opinions
filed January 16, 2009.

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00380-CV

____________

 

IN RE JAMES MADISON NABORS and JULIA NABORS, Relators

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

D I S S E
N T I N G   O P I N I O N








The
majority correctly determines that relators James Madison Nabors and Julia
Nabors were not required to present an affidavit in support of their motion to
transfer venue and that the Texas Department of Family Protective Services (ADepartment@) is not the Aparent@ of T.D.P and D.E.P. (hereinafter the
AChildren@).  But the majority incorrectly
determines that the Naborses are entitled to a mandatory venue transfer upon a
showing that the Children=s principal residence was in Fort Bend County for more than
six months at any time in the past.  Instead, under the applicable statute as
well as precedent from the Supreme Court of Texas and this court, to have been
entitled to a mandatory venue transfer under section 155.201(b) of the Texas
Family Code, the Naborses had to prove that the Children=s principal residence was in Fort
Bend County throughout the six-month period ending on the date the Naborses
filed the suit to modify.  Because the uncontroverted evidence shows that the
Children=s principal residence was in Harris
County during the last fourteen days of this period, the Naborses did not show
entitlement to a mandatory venue transfer under the only ground asserted in
their motion or under the applicable statute.  Accordingly, the trial court did
not clearly abuse its discretion by denying the Naborses= motion to transfer, and this court
should deny the petition for writ of mandamus.

                                 Factual and Procedural Background

The
Naborses filed both their suit to modify and their motion to transfer venue on
November 9, 2007 (the AFiling Date@).  In their motion, the Naborses correctly stated the legal
standard for a mandatory venue transfer under section 155.201(b) of the Texas
Family Code: A[t]he principal residence of the children is in Fort Bend County,
Texas, and has been in that county during the six-month period preceding
the commencement of this suit.@[1]  This is the only basis upon which
the Naborses sought a transfer; yet, they presented no proof that the principal
residence of the Children was in Fort Bend County through the Filing Date. 
Rather, the undisputed evidence before the trial court on February 4, 2008, the
date the trial court denied the motion to transfer venue, showed the following:

!         Between May 16, 2006 and October 26, 2007, the principal
residence of the Children was in Fort Bend County, Texas, with the Naborses.

!         Between October 26, 2007,
and February 4, 2008, the principal residence of the Children was in Harris
County, Texas.








The
Children=s supervisor at Harris County
Children=s Protective Services testified as
follows:

!         The Department has been the sole managing conservator of the
Children since August 8, 2007.

!         The Department placed the Children with the Naborses as foster
parents.

!         On October 26, 2007, the Department removed the children from
the Naborses= home due to allegations of physical abuse and policy
violations that were later validated.  

!         The Children were then placed in a home in Harris County.

!         The Children have not resided with the Naborses since October
26, 2007.  

!         Since October 26, 2007, the Children have continuously resided
in Harris County.

This testimony was not
controverted.  The evidence before the trial court showed that, from October
26, 2007 forward, including on the Filing Date, the Children=s principal residence was in Harris
County.  Simply stated, the Naborses did not prove the factual predicate
asserted in their motion to transfer venue. 

                                         The
Naborses= Burden of
Proof








The
Naborses are relators in this original mandamus proceeding.  As such, they have
the Aheavy@ burden of presenting a record and
petition that show they are entitled to mandamus relief to correct a clear
abuse of discretion by the trial court.[2]  The inquiry
mandated by precedent is whether the Naborses have established their
entitlement to the extraordinary relief of a writ of mandamus, not whether the
real party in interest (the Department) has shown that the relators are not
entitled to mandamus relief.[3]  Indeed,
though a court of appeals may not grant mandamus relief without requesting a
response, a real party in interest is not required to file a response, and any
action or inaction on their part in responding to the mandamus petition is not
a proper basis for granting mandamus relief.[4]

According
to the majority, the only arguments that the Department asserts in its briefing
as to why mandamus should be denied are its arguments as to why the procedures
from Chapter 15 of the Texas Civil Practice and Remedies Code apply.[5] 
The majority states that, even though the Department Alimited its appellate argument@ to these matters, the majority addresses
the proper interpretation of section 155.201(b) because this issue is raised in
this dissenting opinion.[6]  There is
both a factual defect and a legal defect in this reasoning. 

Factually,
the Department=s procedural argument is not the only argument the Department has
asserted in this court.  Though the Department stresses its procedural
argument, it also asserts that Harris County should be considered the Children=s county of residence because the
Department should be treated as a parent of the Children.  In addition, in its
briefing, the Department notes that, in its response in the trial court, the
Department pointed out the fact that the Children have been residing in Harris
County since October 26, 2007, and have not been residing with the Naborses
since that date.








Legally,
the majority=s reasoning reverses the burden of proof in a mandamus proceeding from the
burden imposed by mandatory precedent.  There are several possibilities when an
appellate court asks a real party to file a response: (1) a real party may
brief one or more arguments showing why the relators are not entitled to
mandamus relief; (2) a real party may brief one or more arguments in opposition
to mandamus relief, none of which have merit; or (3) a real party may exercise
its right not to file a response at all.  Regardless of which course the real
party takes, the relator keeps the Aheavy@ burden of presenting a record and
petition that show the relator is entitled to mandamus relief to correct a
clear abuse of discretion by the trial court.[7] 
The Naborses assert that the trial court clearly abused its discretion by not
granting their motion to transfer venue to Fort Bend County under section
155.201(b) of the Texas Family Code.  The Naborses have the burden to show that
the denial of their motion was a clear abuse of discretion and that they are
entitled to mandamus relief to correct it.  Therefore, this court needs to address
the issue of the proper construction of section 155.201(b) of the Texas Family
Code, regardless of the arguments asserted by the Department.         

                                      The Language of Section 155.201(b)








When a
party files a modification suit and a motion for mandatory transfer, the party
is entitled to a mandatory transfer Aif the child has resided in the other
county for six months or longer.@[8]  Therefore, for the Naborses to be
entitled to a mandatory transfer to Fort Bend County, the Children must Ahave resided@ in Fort Bend County for six months
or longer as of the Filing Date.  The verb forms Ahas resided@ and Ahave resided@ are in the present perfect tense. 
This tense either (1) represents an action as having been completed at some
indefinite time in the past, or (2) indicates that an action continues to the
present.[9]  If the first
sense of the present perfect tense applies to section 155.201(b), then a child
may have resided in various counties for at least six months at some indefinite
time in past, prior to the filing of the modification suit.  If the second
sense of the present perfect tense applies, then the child would have had to
reside in the other county for at least six months up to and including the date
on which the modification suit was filed.[10] 
To see which sense was intended, this court should look to other parts of the
statute.

Under
section 155.202(a), A[i]f the basis of a motion to transfer a proceeding under
this subchapter is that the child resides in another county, the court
may deny the motion if it is shown that the child has resided in that county
for less than six months at the time the proceeding is commenced.@[11]  Section 155.201(b) provides the
only basis for transferring a proceeding under this subchapter that is based on
the residence of the child.  Therefore, in section 155.202, the legislature
describes a transfer under section 155.201(b) as being based on an allegation
that Athe child resides in another
county.@[12]  Thus, section 155.202(a) is strong
support that the legislature intended the second sense of the present perfect
tense in section 155.201(b). 

The
language in section 155.201(b) Aif the child has resided in the other county for six
months or longer@ shows that the legislature envisioned that there would be
only one other county.[13]  This language
is consistent with the legislature intending the second sense of the present
perfect tense in section 155.201(b), and it is inconsistent with the
legislature intending the first sense of the present perfect tense in section
155.201(b).








Under
section 155.203, courts determining a child=s residence must examine the child=s principal residence throughout the
six-month period preceding the commencement of suit.[14] 
Section 155.203 shows that the legislature intended the second sense of the
present perfect tense in section 155.201(b), rather than the first sense.[15] 
The majority incorrectly concludes that the legislature intended the first
sense of the present perfect tense, which would mean that the child only has to
have resided in the other county for at least six months at some indefinite
time in the past, before the modification suit was filed.[16]  









Based on
the language of Texas Family Code section 155.201(b) and related statutory
provisions, for the trial court to have been required to transfer venue to Fort
Bend County, the Children=s principal residence must have been in Fort Bend County
throughout the six-month period ending on the Filing Date.[17] 
The majority states that this analysis adds to the statute words not contained
therein and that, if the legislature wanted to require the child to be residing
in the transferee county when suit was filed, it could have said so.[18] 
However, no words have been added to the statute in this dissenting opinion;
rather, the objective of this statutory analysis is to seek the meaning of the
words used.  Courts should not ignore what
is, based on what might have been.[19]  That is,
the fact that the legislature could have used more precise or clearer words
does not change the court=s mission to give effect to the words actually used.  Because
there is sufficient evidence to support an implied finding that the Children=s principal residence was not in Fort
Bend County for the last fourteen days of this period, the trial court did not
abuse its discretion by denying the motion to transfer.[20] 
Therefore, this court should deny the mandamus petition.[21]









       Conflict with Precedent from the Supreme Court
of Texas

The
majority=s analysis and disposition conflicts
with the Supreme Court of Texas=s decision in Cassidy v. Fuller.[22] 
In Cassidy, a father filed a motion to modify the divorce decree
slightly more than six months after the decree was rendered in Reeves County.[23] 
At the same time, the father filed a motion to transfer venue of the proceeding
to Clay County based on the undisputed fact that his children resided there and
had resided there for more than six months.[24] 
The trial court denied the motion to transfer, but the Cassidy court
held that the trial court clearly abused its discretion in doing so.[25] 
The Cassidy court concluded that the legislature intended venue for
suits affecting the parent-child relationship to generally be in the county in
which the child resides.[26]  The high
court stated that usually the current circumstances affecting the child may be
best shown in the county in which the child resides.[27]








When Cassidy
was decided, former section 11.06(b) contained language similar to the language
now contained in sections 155.201(b), 155.202(a), and 155.203 of the Texas
Family Code.[28]  The Cassidy
court held that former section 11.06(b) required transfer of the proceeding to
the county in which the child was residing and had resided for more than six
months; however, the trial court had discretion to deny motions for change of
venue based on the child=s residence in another county if the child had resided in the
other county for less than six months.[29] 
The Cassidy court noted that this provision operated to Aforestall forum shopping.@[30]  Though the Cassidy court did
not explicitly state how this statute did so, it is clear from the opinion that
the high court concluded that the statute forestalled forum shopping by
preventing a party from changing the child=s residence for a brief period to
obtain a mandatory venue transfer.[31]  Instead, to
obtain a mandatory venue transfer, the movant would be required to show the
child was residing in the other county and had been residing in that county for
at least six months at the time the petition to modify was filed.[32]









Under
the majority=s interpretation of section 155.201(b), instead of preventing forum
shopping, the statute is construed to promote forum shopping, by allowing a
party to obtain a mandatory venue transfer to any county in which the child
resided for at least six months at some time in the past.  Given our
increasingly mobile society, children very well may  reside in a number of
different Texas counties for at least six months before they reach adulthood. 
Today=s interpretation allows a party to
shop among all of these counties before choosing which county the party would
like to be the county in which the court of continuing, exclusive jurisdiction
is located.  In addition, if a party is not pleased with the trial judge in the
first county to which the case is transferred, the party then could file a
motion to enforce or perhaps a second petition to modify and invoke section
155.201(c) to mandate a second transfer to one of the other counties in which
the child resided in the past for at least six months.[33] 
The majority=s statutory construction conflicts with the Cassidy decision.  

                                 Conflict with This Court=s Precedent

In
addition, in In re T.J.L., this court construed section 155.201(b) to
require that the child be a resident of the other county at the time the suit
to modify was filed before a party could be entitled to a mandatory venue
transfer under section 155.201(b) of the Texas Family Code.[34] 
This court held that the trial court erred in denying a party=s motion to transfer under section
155.201(b) based on the allegation and undisputed evidence that the child resided
in another county during the six-month period ending on the date the petition
to modify was filed.[35]  By holding
that section 155.201(b) does not require the child to reside in the other county
when the petition to modify is filed, the majority creates a conflict with this
court=s prior decision in In re T.J.L.[36]


                          Conflict with the Language of the Statute  








In
section 155.202(a), the legislature described a transfer under section
155.201(b) as being based on an allegation that Athe child resides in another
county.@[37]  By holding that section 155.201(b)
does not require the child=s principal residence to be in the other county when the
petition to modify is filed, the majority renders meaningless this language in
section 155.202(a).  

The
majority=s analysis also conflicts with
language in section 155.201(b): Aif the child has resided in the
other county for six months or longer.@[38]  The italicized words clearly show
that the legislature envisioned that there would be only one Aother county.@  This is consistent with the
requirement that the child be a resident of the other county at the time the
suit to modify is filed before a party could be entitled to a mandatory venue
transfer under section 155.201(b) of the Texas Family Code.  It is inconsistent
with the majority=s analysis. 

The
majority=s analysis also conflicts with the
following emphasized language in section 155.203:

In
computing the time during which the child has resided in a county, the court
may not require that the period of residence be continuous and uninterrupted
but shall look to the child=s principal
residence during the six‑month period preceding the commencement of
the suit.[39]

 

In their motion, the
Naborses asserted that the Children=s principal residence was in Fort
Bend County throughout the six-month period preceding commencement of the
modification suit; however, the majority applies a different and incorrect
standard, namely, whether the Children had a principal residence in Fort Bend
County during any six-month period before commencement of the suit.[40] 














Under
section 155.203, courts determining a child=s residence must examine the child=s principal residence throughout the
six-month period preceding the commencement of suit and must not require
uninterrupted or continuous presence.[41]  Under the
plain meaning of section 155.203, there may be more than one county of
principal residence during the six months preceding the commencement of suit.[42] 
In this case, the Children had a principal residence in Fort Bend County for
most of the six-month period before commencement of suit; notably, however,
they did not have a principal residence in Fort Bend County during the last
fourteen days of this period.[43]  Therefore,
the trial court had discretion to deny the motion to transfer.[44] 
The trial court=s denial does not constitute an abuse of discretion.

                                                                Conclusion

The Naborses stated the correct legal standard in
their motion to transfer venue but failed to establish the necessary factual
predicate to prevail on their motion.  Based on the evidence before it, the
trial court did not abuse its discretion in denying their motion to transfer
venue.  Today, this court constructs a new legal standard that contradicts the
language of the applicable statute as well as decisions from the Supreme Court
of Texas and this court.  Under the correct legal standard, the Naborses have
not established their entitlement to mandamus relief.  Therefore, this court
should deny their mandamus petition.  Because it does not, I respectfully
dissent.

 

 

 

 

 

 

/s/        Kem Thompson Frost

Justice

 

 

Panel
consists of Justices Frost, Seymore, and Guzman. (Seymore, J., majority).









[1]  (Emphasis added).  In quoting from the ground in the
motion, the majority omits the part in which the Naborses allege that the A[t]he principal residence of the children is in Fort
Bend County, Texas. . . .@  See ante at p. 2.  The majority later states
that the Naborses moved for a transfer based on the ground that the Children
had resided in Fort Bend County for more than six months preceding the filing
of the motion to modify.  See ante at p. 3.  These statements are
incorrect.  The Naborses did not request a venue transfer on these bases.  The
Nabors requested a venue transfer based on their allegation that the principal
residence of the Children was in Fort Bend County, Texas, on the Filing Date
and had been in that county during the six-month period preceding the Filing
Date.





[2] See Tex. R. App. P. 52.3,
52.7; Canadian Helicopters, Ltd. v. Wittig, 876 S.W.2d 304, 305 (Tex.
1994) (orig. proceeding); Walker v. Packer, 827 S.W.2d 833, 837 (Tex.
1992) (orig. proceeding); In re Nelson, No. 14-04-00578-CV, 2004 WL
1516156, at *1 (Tex. App.CHouston [14th Dist.] July 8, 2004, orig. proceeding)
(mem. op.). 





[3] See Canadian Helicopters, Ltd., 876 S.W.2d at 305; In re Yamin, No.
14-07-01035-CV, 2008 WL 442575, at *1 (Tex. App.CHouston [14th Dist.] Feb. 19, 2008, orig. proceeding) (mem. op.). 





[4] See Tex. R. App. P. 52.4; 
In re Yamin, 2008 WL 442575, at *1 (denying mandamus petition because A[r]elator has not established his entitlement to the
extraordinary relief of a writ of mandamus@). 





[5] See ante at
p.8. 





[6] See id. 





[7] See Tex. R. App. P. 52.3,
52.7; Canadian Helicopters, Ltd., 876 S.W.2d at 305; Walker, 827
S.W.2d at 837; In re Nelson, 2004 WL 1516156, at *1. 





[8] Tex. Fam. Code Ann. ' 155.201(b) (Vernon 2008). 





[9] Bryan A. Garner, Garner=s Modern American Usage 779 (Oxford University Press 2003). 





[10] While the majority criticizes this grammatical
analysis of the applicable statute, it also cites the part of the Code
Construction Act, in which the legislature states that Awords and phrases shall be read in context and
construed according to the rules of grammar and common usage.@ 
Tex. Gov. Code Ann. ' 311.011(a) (Vernon 2005); see ante at pp. 9B10.





[11] See Tex. Fam. Code Ann. ' 155.202(a) (Vernon 2008) (emphasis added). 





[12] See id. 
(emphasis added).  





[13] See Tex. Fam. Code Ann. ' 155.201(b) (emphasis added). 





[14] Tex. Fam. Code Ann. ' 155.203
(Vernon 2008) (emphasis added). 





[15] The majority states that courts should not base their
construction of a statute on the verb tense used by the legislature because the
Code Construction Act states that Awords
in the present tense include the future tense.@  Tex. Gov. Code Ann. ' 311.012(a) (Vernon 2005); see ante at p. 10,
n.8.  However, if section 155.201(b) also includes the future tense, then the
part of the statute focusing the inquiry on the six-month period before filing
of the suit would be rendered meaningless.  Though the Code Construction Act
was in effect when the Supreme Court of Texas decided Cassidy v. Fuller,
the high court still construed the applicable statutes as requiring a transfer
to the county in which the child resides and has resided for at least six
months; the Cassidy court did not conclude that under the Code
Construction Act, a transfer is also required to the county in which the child
will have resided for more than six months in the future.  See Act of
May 24, 1967, 60th Leg., R.S., ch. 455, '
2.02, 1967 Tex. Gen. Laws 1036, 1037; Cassidy v. Fuller, 568 S.W.2d 845,
846B47 (Tex. 1978).  Research has not revealed any Texas
case that has used section 311.012(a) of the Texas Government Code in
interpreting a statute.  See Brown v. Blum, 9 S.W.3d 840, 845B46 (Tex. App.CHouston
[14th Dist.] 1999, pet dism=d w.o.j.)
(declining to use section 311.012(a) of the Texas Government Code in
interpreting a statute).    





[16] This is the principal legal standard articulated in
the majority opinion.  See ante at pp. 3B4, 5, 8, 13 (stating that, for the Naborses to be entitled to a
mandatory transfer to Fort Bend County, the Children must have resided in Fort
Bend County for six months or longer Apreceding@  the filing of the modification suit). 





[17] See Tex. Fam. Code Ann. '' 155.201(b), 155.204(b); Cassidy, 568 S.W.2d at
846B47; In re T.J.L., 97 S.W.3d 257, 263B65 (Tex. App.CHouston
[14th Dist.] 2002, no pet.); In re Wheeler, 177 S.W.3d 350, 353B54 (Tex. App.CHouston
[1st Dist.] 2005, orig. proceeding); Blacklock v. Miller, 693 S.W.2d
651, 652 (Tex. App.CDallas 1985, orig. proceeding) (denying mandamus
relief because, even though children=s
principal residence may have been in different county for more than six months
in the past, the children=s principal residence changed from that county 12 days
before filing of suit to modify and therefore, their principal residence was
not in that county on the day suit was filed).  The majority suggests that the Blacklock
court erroneously applied general venue principles that conflicted with the
Family Code.  See ante at pp. 12B13. 
This is incorrect.  The Blacklock court quoted and applied former
section 11.06(b); it did not apply general venue principles that are contrary
to the requirements of the Family Code.  See Blacklock, 693 S.W.2d at
652.





[18] See ante at
p.9.  





[19] See Air Routing Int=l Corp. (Canada) v. Britannia, 150 S.W.3d 682, 700 (Tex. App.CHouston [14th Dist.] 2004, no pet.). 





[20]  See
Tex. Fam. Code Ann. ' 155.201(b); Blacklock,
693 S.W.2d at 652.  The majority relies on In re Kerst and In re Gore;
however, these cases involved children whose principal residence was in the
other county during the six-month period preceding the commencement of suit.  See
In re Kerst, 237 S.W.3d 441, 442, 444B45
(Tex. App.CTexarkana 2007, no pet.); In re Gore, No.
07-07-0290-CV, 2007 WL 2403366, at *1B2
(Tex. App.CAmarillo Aug. 23, 2007, orig. proceeding) (mem. op.). 
Therefore, these cases are consistent with the analysis in this dissenting
opinion.





[21] In the same motion to transfer, the Naborses asserted
in the alternative that they were entitled to a discretionary transfer under
section 155.202(b).  Though the Naborses seek mandamus as to the trial court=s denial of their motion, which would include the
denial of this relief, the Naborses=
petition does not contain any argument, analysis, record citations or legal
authority in support of the proposition that the trial court clearly abused its
discretion in denying this part of the motion.  See Tex. R. App. P. 52.3(h).  Therefore, they have waived this issue.  See In re Citizens
Supporting Metro Solutions, Inc., No. 07-00190-CV, 2007 WL 4277850, at *4
(Tex. App.CHouston [14th Dist.] Oct. 18, 2007, orig. proceeding).





[22] See 568
S.W.2d at 846B47. 





[23] See id. 





[24] See id. 





[25] See id. 





[26] See id. at
847 (relying on statutory language similar to that currently codified at
section 103.001 of the Texas Family Code). 





[27] See id. 





[28] See Act of
May 25, 1973, 63rd Leg., R.S., ch. 543, 1973 Tex. Gen. Laws 1411, 1414 (amended
1981, recodified 1995, amended 1999) (current version at Tex. Fam. Code Ann. '' 155.201(b), 155.202(a), 155.203)). 





[29] See Cassidy,
568 S.W.2d at 847. 





[30] Id.





[31] See id. 





[32] See id. 





[33] See Tex. Fam. Code Ann. ' 155.201(c). 





[34] See In re T.J.L., 97 S.W.3d at 264. 





[35] See id. at
260, 264B65. 





[36]  See id.
 In In re Wheeler, the First Court
of Appeals adopted this court=s analysis in In
re T.J.L..  See 177 S.W.3d 350, 353B54
(Tex. App.CHouston [1st Dist.] 2005, orig. proceeding). 
Therefore, the majority=s analysis also conflicts with the First Court of
Appeals=s decision in In re Wheeler.  See id.





[37] See Tex. Fam. Code Ann. ' 155.202(a) (emphasis added). 





[38] See Tex. Fam. Code Ann. ' 155.201(b) (emphasis added). 





[39] Tex. Fam. Code Ann. ' 155.203
(Vernon 2008) (emphasis added).  





[40] See ante at
pp. 3B4, 5, 8, 13 





[41]  For example, if prior to October 26, 2007, the
Naborses had spent two weeks visiting relatives in Harris County, that would
not mean that the Children=s principal
residence would switch to Harris County during this period.  In this case, the
uncontroverted evidence shows that the Children were continuously present in
Fort Bend County from May 16, 2006 through October 26, 2007, and continuously
present in Harris County after October 26, 2007.  Therefore, the trial court
had no occasion to require continuous presence in the county of residence. The
majority cites Martinez v. Flores.  See 820 S.W.2d 937 (Tex. App.CCorpus Christi 1991, no writ).  The Martinez
court held that the children=s extended
visitation period with their father, who did not have the right to designate
their residence, did not change the children=s
residence from the county designated by the Children=s mother.  See id. at 939B41.  This holding is  consistent with the analysis in
this dissenting opinion.  The Martinez court does state in an obiter
dictum that the six-month period stated in the predecessor statute to section
155.201(b) is meant as a Aguide@ and that
courts can look beyond the six-month period to determine whether the children=s residence has changed to a new county.  See id.
at 940.  This dictum is contrary to the plain meaning of the statute, and,
prior to today=s decision, had not been cited by any court.  





[42] See Tex.
Fam. Code Ann. ' 155.203; Blacklock, 693 S.W.2d at 652 (denying
mandamus relief because, even though children=s principal residence may have been in different county for more than
six months in the past, the children=s
principal residence changed from that county 12 days before filing of suit to
modify and therefore, their principal residence was not in that county on the
day suit was filed). 

 

In part of its opinion, the majority
suggests that, under section 155.203, this court should look to the six-month
period preceding suit and determine which county was the child=s principal residence for the majority of this
period.  See ante at p.10B11. 
This construction conflicts with the plain meaning of the statute and the
Blacklock decision.  See Tex.
Fam. Code Ann. ' 155.203; Blacklock, 693 S.W.2d at 652.  In
addition, language substantially similar to the language of section 155.203 was
contained in former section 11.06(b).  See Act of May 25, 1973, 63rd
Leg., R.S., ch. 543, 1973 Tex. Gen. Laws 1411, 1414.  Therefore, this
construction also conflicts with Cassidy and In re T.J.L., which
require the child to be currently residing in the other county, rather than to
have a principal residence in that county for a majority of the six-month
period prior to suit.  See Cassidy, 568 S.W.2d at 846B47; In re T.J.L., 97 S.W.3d at 263B65.





[43] The majority is simply wrong when it states that,
under the analysis in this dissenting opinion, removing children from one
county to another for a few days or a few hours would thwart an otherwise
meritorious motion to transfer venue under section 155.201(b).  See ante
at pp. 9-10, n. 6, 11.  If parties were to engage in such manipulative
behavior, the trial court would be justified in concluding that the children=s principal residence had not changed.  Of course, if
the evidence shows that children in a particular case had a bona fide change of
their principal residence back to the county of the original court of
continuing jurisdiction shortly before a timely motion to transfer was filed,
then the facts simply would not satisfy the bright-line rule established by the
legislature for determining when the county for the court of continuing
jurisdiction must be changed. See
Tex. Fam. Code Ann. ' 155.201(b); Blacklock,
693 S.W.2d at 652.  





[44] See
Tex. Fam. Code Ann. ' 155.201(b); Cassidy,
568 S.W.2d at 846B47; In re T.J.L., 97 S.W.3d at 263B65; In re Wheeler, 177 S.W.3d at 353B54; Blacklock, 693 S.W.2d at 652.