**Conditionally Grant and Opinion Filed January 9, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01618-CV

### IN RE BRET FOREMAN, Relator

**Original Proceeding from the 330th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF09-14773**

## MEMORANDUM OPINION
Before Justices FitzGerald, Lang, and Myers
Opinion by Justice Myers

Relator filed this mandamus proceeding after the trial court denied his motion to transfer venue under section 155.201(b) of the Texas Family Code. We conclude the trial court abused its discretion in denying the motion and relator has no adequate remedy by appeal. We therefore **CONDITIONALLY GRANT** the writ of mandamus.

Relator, Bret David Foreman, and real party in interest, Tiffany Anne Fleckenstein, were married from 1998 to 2009. During their marriage, they had two children. A final decree of divorce was signed on December 11, 2009 in Dallas County, Texas at which time relator, real party in interest and both children resided in Dallas County. Pursuant to the final decree of divorce, real party in interest was granted the exclusive right to designate the children's residence within Dallas County, Texas or Collin County, Texas and she has retained that right

from the time of divorce forward. On July 15, 2011, real party relocated with the children from Dallas County to Collin County.

On July 19, 2013, relator filed a petition to modify the parent-child relationship in which he requested that the court appoint him as the joint managing conservator with the exclusive right to designate the primary residence of the children, or alternatively, to appoint him the children's sole managing conservator. He concurrently filed a motion to transfer venue from Dallas County to Collin County. On July 23, 2013, while the children were on their extended visitation with relator, real party in interest sent her notice of change of address to the trial court and relator, advising that she had relocated to Dallas County. Real party in interest was served with relator's petition to modify the parent-child relationship on July 24, 2013. She filed her original answer on July 26, 2013 and a timely affidavit controverting relator's motion to transfer venue on August 9, 2013.

On November 12, 2013, the trial court held an evidentiary hearing on relator's motion to transfer venue. The affidavits of the parties and undisputed evidence adduced at the hearing showed that both parties currently reside in Dallas County, the children reside and attend school in Dallas County, the children's lifelong pediatrician is located in Dallas County, real party in interest has sold her house in Collin County and real party in interest does not intend to move back to Collin County. The undisputed evidence also showed that the children resided in Collin County from June 2011 through July 23, 2013 – up to and including the date that relator filed his petition to modify the parent child relationship and to transfer venue, the children's school records for the previous two years are located in Collin County, the site of the children's extracurricular activities for the two years that the children lived there was Collin County, and the children retain a few friends in Collin County. Neither party evidenced any intention of

–2–

returning the children to Collin County. The trial court denied relator's motion to transfer venue.

To obtain mandamus relief, relator must show both that the trial court has abused its discretion and that he has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). Relator has met this burden.

Section 155.201(b) of the Family Code provides that the court of continuing, exclusive jurisdiction shall "transfer the proceeding to another county in this state if the child has resided in the other county for six months or longer." TEX. FAM. CODE ANN. § 155.201(b) (West 2008). This provision is mandatory. *Cassidy v. Fuller*, 568 S.W.2d 845, 847 (Tex. 1978) (orig. proceeding) (construing former Tex. Fam. Code Ann. § 11.06(b), *repealed by* Act of April 6, 1995, 74th Leg., R.S., ch. 20, § 2, Tex. Gen. Laws 282 (recodified current version at TEX. FAM. CODE ANN. §§ 155.201-203 (West 2008))) (while use of the word "shall" is not necessarily determinative that a statute is mandatory, legislature's use of "shall" in one portion of Family Code's venue transfer statute and "may" in another indicated that venue transfer provision in first was intended to be mandatory). While section 155.202 of the Texas Family Code grants a trial court certain discretion with regard to venue, it is only to grant a transfer in the interest of justice or to deny a motion to transfer to a new county if the child has been living in the new county for less than six months. TEX. FAM. CODE ANN. § 155.202 (West 2008) (discretionary transfer). Neither circumstance applies here. Accordingly, section 155.201(b) determines the full extent of the trial court's discretion in this matter.

The Texas Supreme Court has consistently held that when the statutorily required grounds for mandatory venue transfer under the Family Code exist, mandamus is proper because in such a case the duty to transfer is a ministerial duty and a trial court that improperly refuses a

transfer has abused its discretion. *See, e.g.*, *Proffer v. Yates*, 734 S.W.2d 671, 673 (Tex. 1987) (orig. proceeding); *Cassidy,* 568 S.W.2d at 847. In those cases, remedy by direct appeal is inadequate because "[p]arents and children who have a right under the mandatory venue provisions to venue in a particular county should not be forced to go through a trial that is for naught. Justice demands a speedy resolution of child custody and child support issues." *Proffer*, 734 S.W.2d at 673; *see also In re Wilson*, 05-06-01107-CV, 2006 WL 2773100, at *1 (Tex. App.—Dallas Sept. 12, 2006, orig. proceeding.) (mem. op.) (citing *Proffer,* 734 S.W.2d at 673); *In re Turner*, 05-02-01174-CV, 2002 WL 1933241, at *1 (Tex. App.—Dallas Aug. 22, 2002, orig. proceeding) (mem. op.)

Real party urges the Court to reach the same result it reached in *Blacklock v. Miller*, 693 S.W.2d 651 (Tex. App.—Dallas 1985, orig. proceeding). In *Blacklock*, this Court held that the trial court, which was the court of continuing, exclusive jurisdiction, was not obligated to transfer venue to Tarrant County, where the children had lived with their mother for more than six months prior to the filing of a motion to modify the parent-child relationship, when the mother had moved the children to Oklahoma prior to the date her motion to modify was filed in the court of continuing, exclusive jurisdiction. This Court concluded:

> [I]t is irrelevant that the children may have resided in Tarrant County in excess of six months prior to their move to Oklahoma. The critical time with regard to the existence of venue facts is the time of filing suit. *Chem-Spray Aerosols, Inc. v. Edwards,* 576 S.W.2d 478 (Tex.Civ.App.—Houston [14th Dist.] 1979, error dism'd). Since the children's residence was no longer in Tarrant County at the time relator's motion was filed, venue is not proper in that county.

*Blacklock*, 693 S.W.2d at 652. *Blacklock* is inapposite in this case by its very language, however, because in *Blacklock* the mother had established a new principal residence for the children *before* the motion to modify and motion to transfer venue had been filed. That is not the situation in this case. In this case, the children moved to Dallas County after the petition to modify and motion to transfer venue was filed. The Court declines to apply *Blacklock* to a

–4–

situation where a party attempts to establish a new permanent residence for the children after a proceeding has been filed.

In enacting the Family Code, the Legislature "adopted a scheme for handling parent-child matters in a manner that avoids forum shopping, races to the courthouse, child snatching, and the harassment of a parent by the other parent's filing suits in random courts." *Trader v. Dear*, 565 S.W.2d 233, 235 (Tex. 1978); *see also Huey v. Huey*, 200 S.W.3d 851, 853 (Tex. App.—Dallas 2006, no pet.) (expressing disapproval of forum shopping in parent-child cases). That legislative scheme seeks, to the degree possible, to provide stability for the child by establishing a court of continuing, exclusive jurisdiction to decide matters related to the child. *See* TEX. FAM. CODE ANN. § 155.001(a) (West 2008) (unless otherwise provided, court acquires continuing exclusive jurisdiction of parent-child relationship upon rendition of final order in a suit affecting the parent-child relationship); TEX. FAM. CODE ANN. § 155.002 (West 2008) (court with continuing, exclusive jurisdiction retains jurisdiction unless otherwise provided); TEX. FAM. CODE ANN. § 155.003(a) (West 2008) (except as otherwise provided, court with continuing, exclusive jurisdiction may modify orders regarding conservatorship, possession, access to and support of child); TEX. FAM. CODE ANN. § 155.102 (West 2008) (if another court has continuing, exclusive jurisdiction of child, court in which subsequent suit is filed must dismiss without prejudice).

The Family Code also seeks, however, to place venue of proceedings affecting the child in the county in which the child resides. *See* TEX. FAM. CODE ANN. § 103.001(a)(1) (West 2008) (except as otherwise provided, suit shall be filed in county where child resides). The Texas Supreme Court explained in *Cassidy*:

> The intent of the Legislature regarding venue in suits affecting the parent-child relationship is clearly stated in Section 11.04(a). It is provided that the venue of such proceedings shall be in the county in which the child resides . . . . It is manifest, we think, that this venue provision was enacted for the reason that current circumstances affecting the child may usually be best shown in the county where the child resides. Moreover, the venue provision, together with the

mandatory [transfer] requirement of Section 11.06(b), will forestall forum shopping.

*Cassidy,* 568 S.W.2d at 847 (construing former Tex. Fam. Code Ann. § 11.06(b) (repealed 1995) *(*current recodified version at Tex. Fam. Code Ann. §§ 155.201-203 (West 2008))).

That the legislature has codified a preference for venue in the county where the child resides does not conclude the analysis with respect to the application of section 155.201(b) of the Family Code, however. The next inquiry is at what point in time the child's residence for purposes of the venue transfer statute is determined. The venue rules under the Texas Family Code were designed to supplant the regular venue rules. *Leonard v. Paxson,* 654 S.W.2d 440, 441 (Tex.1983) (orig. proceeding); *In re Nabors*, 276 S.W.3d 190, 194 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding). Accordingly, general rules regarding venue are not applicable.

Section 155.203 of the Family Code suggests that the Legislature contemplated a determination of venue based on the child's residence in the six month period immediately prior to the commencement of the suit. Tex. Fam. Code Ann. §155.203 (West 2008) ("The court may not require that the period of residence be continuous and uninterrupted but shall look to the child's principal residence during the six month period *preceding the commencement of the suit*.") (emphasis added). At least one of our sister courts has suggested in dictum, however, that a child's principal residence during the six months prior to the suit might simply provide a presumption as to appropriate venue. In *Martinez v. Flores* the Corpus Christi Court of Appeals noted:

> Family Code section 11.06(b) provides that the county of the child's "principal residence" for six months becomes the county of proper venue. However, . . .we believe that the child's principal residence is not determined by this six-month period, but that the six-month period may be a guide in determining whether a new county of residence is intended to be a principal, as opposed to a merely temporary, residence.

*Martinez v. Flores,* 820 S.W.2d 937, 940 (Tex. App.—Corpus Christi 1991, orig. proceeding) (construing former Tex. Fam. Code Ann. § 11.06(b) (repealed 1995) *(*current recodified version at TEX. FAM. CODE ANN. §§ 155.201-203 (West 2008))). We decline to follow that approach in contravention of the plain language of Section 155.201(b).

In construing a statute, the Court must give effect to the legislature's intention as expressed by the plain and common meaning of the statute's words. *State ex rel. State Dep't of Highways & Pub. Transp. v. Gonzalez,* 82 S.W.3d 322, 327 (Tex.2002); *In re Kerst*, 237 S.W.3d 441, 444 (Tex. App.—Texarkana 2007, orig. proceeding.). If a statute's meaning is unambiguous, this Court must interpret the statute according to its plain meaning. *City of San Antonio v. City of Boerne,* 111 S.W.3d 22, 25–26 (Tex. 2003). In construing 155.201(b), the Houston Court of Appeals has noted that:

> [T]he Legislature conspicuously did not express any requirement that the children presently or currently reside in the [county to which transfer is sought.] If the Legislature had desired that the child currently reside in the other county at the time a proceeding is commenced, it could have included such language. . . . Under the plain language in section 155.201(b) the Legislature does not require that the children *currently reside* in the other county, only that they "*have resided*" there for six months or longer when the modification suit is filed.

*Nabors*, 276 S.W.3d at 197 (emphasis in original).

The statute requiring the mandatory transfer of a suit affecting the parent-child relationship to the county where the child has resided for six months or longer is straightforward and clear. *Kerst,* 237 S.W.3d at 444. It does not include a requirement that the child currently reside in the county to which transfer is sought or that an original suit affecting the parent child relationship could be brought in that county. *In re Nabors*, 276 S.W.3d at 197 & n.10; *In re Dozier*, 07-08-0491-CV, 2009 WL 214334, at *2 (Tex. App.—Amarillo Jan. 29, 2009, orig. proceeding) (mem. op.) ("That the child may have moved away from Cottle County immediately prior to, or immediately after, the filing of the motion to transfer venue is of no consequence so

long as the child's *principal residence* during the six-month period preceding the commencement of the suit was in that county.") (emphasis in original); s*ee also In re Wilson*, 01-07-00013-CV, 2007 WL 1228556, at*2 (Tex. App.—Houston [1st Dist.] Apr. 26, 2007, orig. proceeding) (mem. op.) (trial court should have transferred case to county in which children previously resided in view of the fact that violation of court's order regarding children's residence did not result in the establishment of venue in that county). The Court will not add a requirement of current residence in the county to which transfer is sought in its absence from the statute.

Real party in interest also advocates the recognition of a public policy exception to section 155.201(b) designed to curb forum shopping. In support of this argument real party in interest points the Court to its decision in *Huey v. Huey*, 200 S.W.3d 851 (Tex. App.—Dallas 2006, no pet.). *Huey* is grounded in well-established law that a party may, by its own conduct, waive its motion to transfer venue. *See Huey*, 200 S.W.3d at 853 (upholding denial of motion to transfer venue where party seeking the transfer had established children's residence in contravention of trial court's order designating permissible counties for children's residence.) The facts present in *Huey* are not present here. Relator's assertion of a right to prosecute his case in a county in which the Legislature has deemed proper venue to lie is not offensive to public policy even though the legislatively mandated outcome may seem incongruous in light of the children's sparse ongoing connections to Collin County. In this case relator has taken no action that would constitute a waiver of his right to have this case heard in the courts of Collin County.

The trial court was required to transfer if "grounds for transfer exist." TEX. FAM. CODE ANN. § 155.204(g) (West 2008). The undisputed evidence showed that the children's principal residence on the date the petition was filed and during the six month period preceding the commencement of the suit was Collin County. Under those circumstances, transfer is mandatory under the plain language of section 155.201(b). Accordingly, we **CONDITIONALLY GRANT**

the relator's petition for writ of mandamus. A writ will issue only in the event the trial court fails to vacate its November 12, 2013 Order Denying Motion to Transfer and to render an order granting relator's motion to transfer venue.

/Lana Myers/
LANA MYERS
JUSTICE

131618F.P05