Olga G. MARTINEZ, Relator,

v.

The Honorable Romero FLORES,
Respondent.

No. 13–91–595–CV.

Court of Appeals of Texas,
Corpus Christi.

Dec. 5, 1991.

Bruce C. Matzke, Corpus Christi, for respondent.

Rebecca G. Flanigan, Coastal Bend Legal Services, Corpus Christi, for relator.

Before DORSEY, FEDERICO G. HINOJOSA, Jr., and BISSETT,[1] JJ.

OPINION

DORSEY, Justice.

This is a proceeding for writ of mandamus. Olga G. Martinez, relator, petitions this Court to issue a writ of mandamus directing the respondent, the Honorable Romero Flores, visiting judge of the 94th District Court of Nueces County, Texas, to grant a motion to transfer venue in an action to modify child custody from Nueces County to Terry County. We conditionally grant the writ of mandamus.

Olga G. Martinez and Jose Martinez, III, the real party in interest, were divorced in 1986 in the 94th District Court of Nueces County, which also made provisions for the custody and support of the couple's three minor children. The mother was appointed

1. Honorable Gerald T. Bissett, Retired, sitting by assignment.

managing conservator, and the father as possessory conservator was allowed visitation, including a yearly thirty-day period in the summer. In October 1990, the mother moved with the children to Terry County, Texas, where they lived with her until June 1, 1991, when they began summer visitation with their father. However, the children remained with their father past the thirty-day visitation period, and on August 13, 1991, the father filed a motion to modify the prior custody and support orders in the trial court below. The mother initially filed a *pro se* general denial on September 19, 1991, followed by a motion to transfer on September 23, 1991, together with an affidavit alleging residence of the children and jurisdiction of the present action in Terry County. The father then filed an affidavit alleging that the children were now residents of Nueces County and contending that the suit should not be transferred. After an October 29, 1991 hearing at which no testimony was offered by either party, the trial court denied the mother's motion to transfer.

In her petition for writ of mandamus, the mother claims that the father's affidavit wholly failed to controvert her allegations of proper venue in Terry County, and that the trial court was required to transfer the present suit to that county.

■ Tex.Fam.Code Ann. § 11.06(b) (Vernon 1986), provides for the transfer of proceedings in suits affecting the parent-child relationship. If the movant complies with the provisions of section 11.06(b), transfer of a case to a county where the child has resided for more than six months is a mandatory ministerial duty. Although a remedy by appeal is available, it is frequently inadequate in child custody and support cases. Relief by mandamus is appropriate in those cases where the facts and the law permit only one decision and the trial court refused to make it. *See Proffer v. Yates,* 734 S.W.2d 671, 673 (Tex.1987).

Here, the father contends that the trial court correctly denied the motion to transfer, both because (1) the motion was untimely, and (2) the father's affidavit controverted the mother's assertions of residency. The father argues that because he put in issue the children's residency by his affidavit, the burden fell on the mother to produce evidence at the hearing in support of her motion to transfer. There being no evidence at the hearing other than argument of counsel, the father contends that she failed to meet her burden of proof and the trial judge had no choice but to deny her motion.

With regard to his claim that the motion to transfer was untimely, the father contends that the mother waived any right to challenge venue by filing an answer before her motion to transfer, and that the motion was late even without reference to the filing of the answer. The father points to the due order of pleading requirement generally applicable to motions to transfer venue under Tex.R.Civ.P. 86:

1. Time to File. An objection to improper venue is waived if not made by written motion filed prior to or concurrently with any other plea, pleading or motion except a special appearance motion provided for in Rule 120a....

■ However, as this Court has recognized, the transfer procedures in the Family Code governing suits affecting the parent-child relationship are the exclusive mechanism for transferring the case or challenging venue and were designed to supplant the regular rules dealing with transfer of venue applicable in ordinary civil cases. *Mendez v. Attorney General of Texas,* 761 S.W.2d 519, 521 (Tex.App.—Corpus Christi 1988, no writ); *Beyer v. Diaz,* 585 S.W.2d 359, 360 (Tex.Civ.App.—Dallas 1979, no writ). The time for filing the present motion to transfer is governed exclusively by Tex.Fam.Code Ann. § 11.-06(f) (Vernon 1986), which provides that:

A motion to transfer by a petitioner or movant is timely if it is made at the time the initial pleadings are filed. A motion to transfer by any other party is timely if it is made on or before the Monday next after the expiration of 20 days after the date of service of citation or notice of the action or before the commencement of the hearing, whichever is sooner....

■ Under section 11.06(f), the mother, who was not the "petitioner or movant" in the underlying motion to modify, was an "other party" entitled to file her motion to transfer at any time on or before the above Monday time limit.[2] The Family Code does not impose a due order of pleadings requirement that the motion to transfer be filed before an answer, and we are unwilling to read such a requirement into section 11.06(f).

■ However, the father additionally claims that section 11.06(f) should be read to require that the motion to transfer be filed before 10:00 a.m. on the Monday time limit, as is specified in Tex.R.Civ.P. 99 for an answer following service of citation. In the present case, the mother was served with citation on August 30, 1991, and filed her motion to transfer at 4:57 p.m. on the Monday, September 23, 1991, time limit. Again, however, we are unwilling to read section 11.06(f) to require more than it states—that the motion should be filed on or before the Monday in question. We hold that the mother complied with the requirements of section 11.06(f).

■ We next determine whether the father's affidavit controverted the mother's allegations of proper venue in Terry County. In her affidavit dated and filed September 23, 1991, the mother stated:

*The children have resided in Terry County for more than six months. In October of 1990 I moved with [the children] to Brownfield, Terry County, Texas and established a residence there.* The children were enrolled in Brownfield Schools last year up until June of 1991 when school let out. At that time I let [the father] take the children for ·the summer for visitation purposes. He has not returned the children for the begin-

ning of this school year and refuses to do so. (emphasis added).

In his "controverting affidavit" dated October 3, 1991, the father asserted:

On or about June 1, 1991, I picked up my children for my thirty (30) day visitation. On or about July 1, 1991, when the visitation period ended, I tried to make arrangements with [the mother] to meet her in Brownfield, Texas, to return the children. Many attempts were made by telephone but, I was informed that [the mother] was not residing, at the address I was given and picked up the children, and my sister and brother-in-law did not know where [the mother] was. *My children have resided in Nueces County, Texas, since July 1, 1991, the day my visitation ended and are presently enrolled in school here in Nueces County.* Because of these facts the children have not resided for an uninterrupted six (6) month period in Brownfield, Terry County, Texas. (emphasis added).

No evidence was received at the hearing on the mother's motion to transfer. Thus, the motion must stand or fall based on whether the mother's supporting affidavit was controverted by the father's affidavit.[3]

Tex.Fam.Code Ann. § 11.06(b) (Vernon 1986), controls the transfer of proceedings and provides that if the child has resided in a county other than the county of the court of continuing jurisdiction for over six months, the court shall transfer the proceedings to that county. The residence of the child, and not that of anyone else, controls. *See* Tex.Fam.Code Ann. § 11.04(c) (Vernon 1986).

The mother's affidavit was adequate to establish residency of the children in Terry County. She asserted they lived there with her for more than six months, from October 1990 until they were taken by their

---

**2.** We note that to read "movant" as referring to the party that files the "motion to transfer" would be absurd, since this would render meaningless the reference to "any other party."

**3.** Under a literal reading, the affidavits are not in conflict with regard to where the children actually lived during the periods mentioned. The mother alleges residence in Terry County for six months after October 1990. The father

alleges present residence in Nueces County since July 1, 1991. However, the mother's affidavit impliedly, if not literally, alleges that Terry County remained the children's primary residence up to the time of the affidavit. Thus, the father's affidavit attempts to controvert that allegation by alleging residence in Nueces County since July 1, 1991.

father for summer visitation in June 1991. The children attended school in that county and had a residence there. She also said that the father refuses to return the children to their home for the beginning of the school year. The mother's affidavit was dated and filed September 23, 1991, shortly after the scholastic summer holidays ended.

The question is what is required to controvert the affidavit that on its face establishes the children's residence in Terry County. The father did not attempt to assert facts contrary to the establishment of that residency in Terry County; rather, his affidavit goes to the creation of a new residence after the children left that county. How long, then, and under what conditions must the child reside anew in the county of continuing jurisdiction before it may be considered the child's new principal residence, or what is required to terminate the Terry County residency?

Family Code section 11.06(b) itself suggests that the child's principal residence need not be a "continuous and uninterrupted" residence. Periodic visitation in another county is the type of interruption that would neither interfere with the child's establishing a principal residence in the county where the child regularly lives with the managing conservator, nor would it support a claim of principal residence in the county of visitation.

On the other hand, it should not be necessary for the child to live in the original county of continuing jurisdiction for a full six-month period in order to overcome the allegation of a continuing principal residence in the last county in which the child lived for over six months. Family Code section 11.06(b) provides that the county of the child's "principal residence" for six months becomes the county of proper venue. However, we do not believe this means either that the child must reside in a new county for six months before that county would become the child's "principal residence" for the interim period even though the child's ties with the previous county of residence have been completely severed, or that the child would have no principal resi-

dence before he had lived in the new county for six months. Neither alternative seems attractive or appropriate. Rather, we believe that the child's principal residence is not determined by this six-month period, but that the six-month period may be a guide in determining whether a new county of residence is intended to be a principal, as opposed to a merely temporary, residence.

The general civil venue statute is helpful. Generally, under that statute the elements necessary to establish residence are: (1) a fixed place of abode within the possession of the defendant; (2) occupied or intended to be occupied consistently over a substantial period of time; (3) which is *permanent rather than temporary*. *Snyder v. Pitts*, 150 Tex. 407, 241 S.W.2d 136, 140 (1951); Tex.Civ.Prac. & Rem.Code Ann. § 15.001 (Vernon 1986). The element of permanency is critical to establishing residency for venue purposes. *Tieuel v. Southern Pacific Transportation Co.*, 654 S.W.2d 771, 774 (Tex.App.—Houston [14th Dist.] 1983, no writ).

Similarly, in cases where a question of the child's principal residence arises under section 11.06(b) of the Family Code, we believe that there must be some element of permanency to the child's new residence to indicate more than just a brief or temporary stay. This element of permanency may be shown either by presence in the county for an extended period of time or by some agreement, explicit or implied, by the party with a right to control the child's residence, for the child to stay in the new county for an extended period of time.

In the present case, the father made a conclusory allegation that the children's residence was now in Nueces County. However, the father may not show a change of principal residence merely by showing a short six-week extension of the summer visitation period. This shows nothing more than the reality of the flexibility present in most visitation arrangements between divorced parents. The father's allegations of residence under this extended-visitation-type circumstance for only six weeks did not show the kind of

permanence required to change the children's "principal residence" back to Nueces County. As a matter of law, we hold that this six-week period was not a substantial enough period of time in the absence of some agreement for a longer period of residence with the father or evidence of abandonment by the mother. Moreover, because the father could not find the mother to return the children is not evidence of an abandonment or an implicit agreement for an extended period of residence with the father. A non-custodial parent may not choose a more convenient venue without more than merely retaining possession of the children.

Because the mother's allegations of principal residence in Terry County were effectively uncontroverted, she was entitled to prevail on her motion to transfer to that county. We conditionally grant her petition for writ of mandamus ordering the trial court to transfer the proceedings below to Terry County.