**In re Clarence Randmond KNOTTS.**

**No. 06–01–00162–CV.**

Court of Appeals of Texas,
Texarkana.

Submitted Dec. 18, 2001.

Decided Dec. 18, 2001.

Hon. H. G. Andrews, Jr., Judge.

Donald W. Dowd, Lovelace & Dowd, Inc., Linden, for relator.

Mary C. Strand, Ric Freeman, Tyler, for real party in interest.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

OPINION

CORNELIUS, Chief Justice.

Clarence Knotts has filed a petition for writ of mandamus asking us to direct the

trial court to vacate an order that granted a motion to transfer a child custody proceeding from Titus County to Rusk County. The underlying proceeding is a motion to modify the parent-child relationship.

The mother lives in Rusk County and has lived there since 1997. The father lives in Titus County. The mother and father were divorced by a judgment rendered by the District Court of Titus County, and that court retained continuing jurisdiction over the parties. The child, Bradley Knotts, is fourteen years old and has lived with his mother in Rusk County since 1997, except for a brief time before the motion to modify was filed.

█ The father, the relator, argues that because the child has lived in Titus County for over six months, the court erred in transferring the case to Rusk County, where the child had previously resided with his mother.

The applicable statute, TEX. FAM.CODE ANN. § 155.201(b) (Vernon Supp.2002), provides that if a proceeding is filed in the county of continuing jurisdiction, and if the child has resided in another county for over six months, the court must transfer the proceeding to the other county. The facts here are that the proceeding was filed in Titus County, the county of continuing jurisdiction, and the child resided for several years in Rusk County, but had been with his father in Titus County less than two months before the motion to modify was filed.

█ As a mandamus proceeding, the question before us is whether the trial court had no authority to take any action other than to retain the case in Titus County.[1]

There are two statutes that apply to this situation. The mandatory transfer provision is found in TEX. FAM.CODE ANN. § 155.201(b):

If a suit to modify or a motion to enforce an order is filed in the court having continuing, exclusive jurisdiction of a suit, on the timely motion of a party the court shall transfer the proceeding to another county in this state if the child has resided in the other county for six months or longer.

The method of determining the county of residence is set out in TEX. FAM.CODE ANN. § 155.203 (Vernon 1996):

In computing the time during which the child has resided in a county, the court may not require that the period of residence be continuous and uninterrupted but shall look to the child's principal residence during the six-month period preceding the commencement of the suit.

Knotts argues that during the six months before the filing of the motion to modify, the child principally lived with him in Titus County, so the transfer was improper. He further argues that he has an agreement with the child's mother that shows an intention to leave the child with him in Titus County for an extended period of time.

The evidence shows that the child stayed in his father's home in Titus County for

---

1. If the movant complies with the provisions of TEX. FAM.CODE ANN. § 155.201(b) (Vernon Supp.2002), transfer of a case to a county where the child has resided for more than six months is a mandatory ministerial duty. Further, an interlocutory appeal is not available to contest the court's decision. TEX. FAM.CODE ANN. § 155.204(e) (Vernon Supp.2002). Re-

lief by mandamus is appropriate in those cases where the facts and the law permit only one decision and the trial court refused to make it. *See Proffer v. Yates*, 734 S.W.2d 671, 673 (Tex.1987); *Martinez v. Flores*, 820 S.W.2d 937, 938 (Tex.App.—Corpus Christi 1991, orig. proceeding).

five months before the hearing on the motion to modify. But the child lived with his mother in Rusk County for four years and had only been with his father for less than two months before he filed the motion to modify on July 27, 2001. And for a substantial portion of the time the child was in Titus County, it was pursuant to a visitation order issued by the trial court in the divorce. Under these facts, we cannot conclude that the court abused its discretion by ordering the case transferred to Rusk County.

Knotts also argues that his agreement with the mother about the custody arrangement required the court to find that the residence of the child was now with him in Titus County. The "agreement" is a letter from the mother's new husband to Knotts in response to some other communication. In the letter the new spouse, apparently in response to some question about the child, wrote:

> It is not likely that Bradley has thought this out very well. Therefore a temporary change to equal one school year with a definite end at that time and an option to revisit custody at that time makes more sense to us.

This is not an agreement; furthermore, the mother's new spouse would not have authority to make an agreement without the approval of the mother. Even if there was an agreement, it would not bind the court as to a finding of residence. We cannot conclude that the trial court abused its discretion by finding that the child had not resided in Titus County for six months before the commencement of the action to modify.

Because we find that the Relator has not shown himself entitled to the relief sought, we deny the petition for writ of mandamus.