**GRANT; and Opinion Filed June 21, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-00529-CV

### IN RE TONYA BURLING, Relator

**Original Proceeding from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 296-52021-05**

## MEMORANDUM OPINION
Before Justices Lang-Miers, Fillmore, and Schenck
Opinion by Justice Schenck

Relator (Mother) filed this petition for writ of mandamus after the trial court denied her motion to transfer venue from Collin County to Harris County pursuant to section 155.201(b) of the Texas Family Code. After reviewing the record, we conclude the trial court abused its discretion by denying Mother's motion and that Mother has no adequate remedy by appeal. Therefore, we conditionally grant the writ of mandamus.

Mother and real party in interest (Father) were divorced January 24, 2006. At the time, Mother, Father, and their two minor children, K.J.Y. and K.D.Y., lived in Collin County. Mother and Father were appointed joint managing conservators, and Mother was awarded the exclusive right to establish the children's residence without geographic restriction. In 2012, Mother moved to Harris County, and subject to an "out of court agreement," K.D.Y. went with Mother and lived in Harris County, while K.J.Y stayed in Collin County with Father. In mid-August 2015, Mother and Father verbally agreed that K.J.Y. would move to Harris County to

live with his mother and sister. According to Father, the agreement was for one year; according to Mother, it was not.

On March 2, 2016, Mother filed a motion to modify child support and a motion to transfer venue because both children had resided in Harris County for more than six months. Father filed an "Affidavit Controverting Motion to Transfer" in which he admitted that K.D.Y. had lived in Harris County since 2012, and that K.J.Y. had lived in Harris County for six months.

To obtain mandamus relief, Mother must show both that the trial court has abused its discretion and that she has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). After reviewing the record, we conclude Mother has met this burden.

Section 155.201(b) of the family code provides that the court of continuing, exclusive jurisdiction shall "transfer the proceeding to another county in this state if the child has resided in the other county for six months or longer." TEX. FAM. CODE ANN. § 155.201(b) (West 2014). This provision is mandatory. *Cassidy v. Fuller*, 568 S.W.2d 845, 847 (Tex. 1978) (orig. proceeding) (construing former TEX. FAM. CODE ANN. § 11.06(b), repealed by Act of April 6, 1995, 74th Leg., R.S., ch. 20, § 2, Tex. Gen. Laws 282 (current version at TEX. FAM. CODE ANN. §§ 155.201–203 (West 2014))) (while use of the word "shall" is not necessarily determinative that a statute is mandatory, legislature's use of "shall" in one portion of family code's venue transfer statute and "may" in another indicated that venue transfer provision in first was intended to be mandatory). While section 155.202 of the Texas Family Code grants a trial court certain discretion with regard to venue, it is only to grant a transfer in the interest of justice or to deny a motion to transfer to another county if the child has been living in the new county for less than six months. TEX. FAM. CODE ANN. § 155.202 (West 2014) (discretionary transfer). Neither

circumstance applies here. Accordingly, section 155.201(b) determines the full extent of the trial court's discretion in this matter.

If a motion to transfer is not timely controverted, the trial court has a mandatory, ministerial duty to promptly transfer to the county where the child at issue has resided for more than six months. *See* TEX. FAM. CODE ANN. § 155.204(c) (West 2014). When, as here, a controverting affidavit is filed, but the affidavit fails to deny that grounds for transfer exist the allegations in the motion to transfer are effectively uncontroverted. *See Martinez v. Flores*, 820 S.W.2d 937, 939–40 (Tex. App—Corpus Christi 1991, no writ).

The Texas Supreme Court has consistently held that when the statutorily required grounds for mandatory venue transfer under the Family Code exist, mandamus is proper because in such a case the duty to transfer is ministerial and a trial court that improperly refuses a transfer has abused its discretion. *See, e.g.*, *Proffer v. Yates*, 734 S.W.2d 671, 673 (Tex. 1987) (orig. proceeding); *Cassidy*, 568 S.W.2d at 847. In such cases, remedy by direct appeal is inadequate because "[p]arents and children who have a right under the mandatory venue provisions to venue in a particular county should not be forced to go through a trial that is for naught. Justice demands a speedy resolution of child custody and child support issues." *Proffer*, 734 S.W.2d at 673; *see also In re Foreman*, 05-13-01618-CV, 2014 WL 72483, at * 2 (Tex. App.—Dallas Jan. 9, 2014, orig. proceeding) (mem. op.); *In re Wilson*, 05–06–01107–CV, 2006 WL 2773100, at *1 (Tex. App.—Dallas Sept. 12, 2006, orig. proceeding.) (mem. op.); *In re Turner*, 05–02–01174–CV, 2002 WL 1933241, at *1 (Tex. App.—Dallas Aug. 22, 2002, orig. proceeding) (mem. op.).

Here, the undisputed facts show Mother was given the exclusive right to establish the primary residence of the children without geographic restriction. In 2012, she moved to Harris County with K.D.Y. K.J.Y. moved to Harris County to live with Mother and K.D.Y. for the 2015–16 school year and had lived in Harris County for more than six months when Mother filed

her petition to modify and motion to transfer venue. Under these circumstances, the trial court was required to transfer venue to Harris County.

Accordingly, we conditionally grant Mother's petition for writ of mandamus. A writ will issue only in the event the trial court fails to vacate its April 14, 2016 order denying Mother's motion to transfer and to sign an order granting Mother's motion to transfer venue.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

160529F.P05