**Conditionally GRANT; and Opinion Filed August 15, 2016.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-16-00753-CV**

_____

**IN RE SONIA ALVAREZ, Relator**

**Original Proceeding from the 301st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-07-16957**

**MEMORANDUM OPINION**
Before Justices Bridges, Myers, and Schenck
Opinion by Justice Myers

This original proceeding arises from the trial court's denial of relator's motion to transfer venue filed in a suit affecting the parent-child relationship (SAPCR). Relator, mother of the children who are the subjects of the SAPCR, contends transfer was mandatory under section 155.201 of the Texas Family Code because the children have been living in Collin County for more than six months, she timely filed a motion to transfer venue, and father did not file a controverting affidavit. Mother asks this Court to direct the trial court to transfer the SAPCR to Collin County. We conditionally grant relator's petition for writ of mandamus.

**Background**

Much litigation has occurred below since the parents' 2010 divorce. The timeline relevant to this petition, however, is simple and undisputed. The trial court signed a "Final Order of Modification" on April 20, 2016 as well as temporary orders abating relator's access and possession and setting a hearing on the possession issue for May 4, 2016. On April 25, 2016, father filed a motion

and amended motion to set aside, modify, correct or reform the April 20, 2016 order. Mother immediately filed a Motion to Transfer Venue and an Amended Motion to Transfer Venue on April 25, 2016. The deadline to file a controverting affidavit was May 16, 2016. TEX. FAM. CODE ANN. § 155.204(d) (West 2014). Father did not file a controverting affidavit. Instead, on May 2, 2016, he filed a non-verified response to mother's motions. In that response, he complained about mother's past motions to transfer and motions to modify and argued that the transfer motion was untimely because it was not filed in 2011 when mother first sought modification of the SAPCR and was without basis because the children lived in Dallas County in 2011. Father did not mention the children's current residence or dispute that the children have resided in Collin County for more than six months. The trial court denied the motion to transfer.

## Applicable Law

Section 155.201(b) of the family code provides that the court of continuing, exclusive jurisdiction shall "on the timely motion of a party . . . transfer the proceeding to another county in this state if the child has resided in the other county for six months or longer." TEX. FAM. CODE ANN. § 155.201(b) (West 2014). This provision is mandatory. *In re Burling*, 05-16-00529-CV, 2016 WL 3438075, at *1-2 (Tex. App.—Dallas June 21, 2016, orig. proceeding) (mem. op.) (citing *Cassidy v. Fuller*, 568 S.W.2d 845, 847 (Tex. 1978) (orig. proceeding).[1] A motion to transfer filed by a "petitioner or movant" is timely if it is made at the time the initial pleadings are filed. TEX. FAM. CODE

---

[1] The *Cassidy* court was construing former TEX. FAM. CODE ANN. § 11.06(b), repealed by Act of April 6, 1995, 74th Leg., R.S., ch. 20, § 2, Tex. Gen. Laws 282 (current version at TEX. FAM. CODE ANN. §§ 155.201–203 (West 2014) (while use of the word "shall" is not necessarily determinative that a statute is mandatory, legislature's use of "shall" in one portion of family code's venue transfer statute and "may" in another indicated that venue transfer provision in first was intended to be mandatory).

ANN. § 155.204(b) (West 2014). A motion to transfer filed by "another party" is timely "if it is made on or before the first Monday after the 20th day after the date of service of citation or notice of the suit. . . ." TEX. FAM. CODE ANN. § 155.204(b) (West 2014). "Initial pleading" does not mean the first pleading in the case and does not require transfer motions be filed at the time the original petition is filed. On the contrary, a motion to modify a SAPCR is considered a new suit and, therefore, a motion to modify can be considered an "initial pleading" under section 155.204. *In re Etemadi*, 09-08-329 CV, 2008 WL 4164116, *1 (Tex. App.—Beaumont Sept. 11, 2008, orig. proceeding) (citing TEX. FAM. CODE ANN. §§ 156.003, 156.004 (Vernon 2002)); *see also* TEX. FAM. CODE ANN. § 155.204(a) (West 2014) (a motion to transfer "may be filed at any time."). If a suit to modify is pending when a new suit to modify is filed, the trial court may transfer the proceeding only if the court could have transferred the proceeding at the time the first suit to modify was filed. TEX. FAM. CODE ANN. § 155.201(c) (West 2014). Here, the motion to modify and amended motion were filed the same day as the motion to transfer and amended motion to transfer.

While section 155.202 of the Texas Family Code grants a trial court certain discretion with regard to venue, that discretion is limited to two situations (1) to grant a transfer in the interest of justice or (2) to deny a motion to transfer to another county if the child has been living in the new county for less than six months. TEX. FAM. CODE ANN. § 155.202 (West 2014) (discretionary transfer). Neither circumstance applies here. Accordingly, sections 155.201(b) and 155.201(c) determine the full extent of the trial court's discretion in this matter. *See In re Burling*, 2016 WL 3438075, at *1-2.

A party who wants to contest the transfer motion must file "a controverting affidavit denying that grounds for the transfer exist" on or before the first Monday after the 20th day after the date of notice" of the motion was served. TEX. FAM. CODE ANN. § 155.204(d) (West 2014). If a motion to transfer is not timely controverted, the trial court has a mandatory, ministerial duty to promptly transfer to the county where the child at issue has resided for more than six months. TEX. FAM. CODE ANN. §

155.204(c) (West 2014); *In re Turner*, 05-02-01174-CV, 2002 WL 1933241, at *1 (Tex. App.—Dallas Aug. 22, 2002, no pet.). When a controverting affidavit is filed but the affidavit fails to deny that grounds for transfer exist, the allegations in the motion to transfer are effectively uncontroverted. *See In re Burling*, 2016 WL 3438075, at *2 (citing *Martinez v. Flores*, 820 S.W.2d 937, 939–40 (Tex. App–Corpus Christi 1991, no writ)).

## Mandamus Standard

To obtain mandamus relief, mother must show that the trial court has abused its discretion and that she has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). The Texas Supreme Court has consistently held that when the statutorily-required grounds for mandatory venue transfer under the Family Code exist, mandamus is proper because in such a case the duty to transfer is ministerial and a trial court that improperly refuses a transfer has abused its discretion. *See, e.g., Proffer v. Yates*, 734 S.W.2d 671, 673 (Tex.1987) (orig. proceeding); *Cassidy*, 568 S.W.2d at 847. In such cases, remedy by direct appeal is inadequate because "[p]arents and children who have a right under the mandatory venue provisions to venue in a particular county should not be forced to go through a trial that is for naught. Justice demands a speedy resolution of child custody and child support issues." *Proffer*, 734 S.W.2d at 673; *see also In re Foreman*, 05–13–01618–CV, 2014 WL 72483, at * 2 (Tex. App.—Dallas Jan. 9, 2014, orig. proceeding) (mem. op.); *In re Wilson*, 05–06–01107–CV, 2006 WL 2773100, at *1 (Tex. App.—Dallas Sept. 12, 2006, orig. proceeding.) (mem. op.); *In re Turner*, 05–02–01174–CV, 2002 WL 1933241, at *1 (Tex. App.—Dallas Aug. 22, 2002, orig. proceeding) (mem. op.).

**Analysis**

Relator has met the mandamus standard here. Transfer was mandatory because mother's motion was timely and father did not file a controverting affidavit.

First, relator's motion to transfer was timely. She filed the motion and amended motion on April 25, 2016 — within hours of father's filing the motion and amended motion to modify the First Final Order of Modification. Relator's deadline to file the motion to transfer was governed by section 155.204(b) and calculated by whether relator was "a petitioner or movant" or "another party." TEX. FAM. CODE ANN. § 155.204(b) (West 2014). A "petitioner or movant" is the party who has filed suit (i.e., filed an original SAPCR pleading or a motion to modify a SAPCR order). *See, e.g., In re Wheeler*, 177 S.W.3d 350, 354 (Tex. App.—Houston [1st Dist.] 2005, orig. proceeding) ("By filing a motion to modify, relator is classified as a petitioner."); *see also In re Simonek*, 3 S.W.3d 285, 288 (Tex. App.—Waco 1999, orig. proceeding). Father is the petitioner here because he filed the motion to modify the April 20 order. Relator is "another party" under section 155.204(b). As "another party," the deadline to file a motion to transfer venue was May 16, 2016, which is "the first Monday after the 20th day after" she was served with father's motion to modify the April 20 Order. *See* TEX. FAM. CODE ANN. § 155.204(b) (West 2014). Relator filed the transfer motion the same day she was served with father's motion to modify (i.e., April 25, 2016). The motion was timely.

Second, father did not file a controverting affidavit denying that grounds for transfer exist. Father's response to the motion to transfer venue is not verified, does not include an affidavit, and includes no discussion of the children's residence. Once father failed to timely-file a controverting affidavit, the trial court had a mandatory, ministerial duty to immediately transfer the case to Collin County. *See In re Turner*, 2002 WL 1933241, at *1 (trial judge had a ministerial duty to grant the motion to transfer venue); *see also In re Aguilera*, 37 S.W.3d 43, 47 (Tex. App.—El Paso 2000, orig.

proceeding) (if motion to transfer is timely filed and no controverting affidavit is filed within time prescribed, judge has mandatory duty to transfer case promptly without hearing); *In re Middlebrook*, 7 S.W.3d 262, 264 (Tex. App.—Waco 1999, orig. proceeding) (because motion to transfer was timely and uncontroverted, judge had no discretion but to transfer venue). Construing father's response as an affidavit does not change the analysis because the response fails to deny that the children have lived in Collin County for at least six months. When a controverting affidavit is filed but the affidavit fails to deny that grounds for transfer exist, the allegations in the motion to transfer are effectively uncontroverted. *See In re Burling*, 2016 WL 3438075, at *2 (citing *Martinez v. Flores*, 820 S.W.2d 937, 939–40 (Tex. App–Corpus Christi 1991, no writ)).

### Conclusion

Transfer is mandatory here under Chapter 155 of the Texas Family Code, and the trial court abused its discretion by denying mother's motion to transfer. Accordingly, we conditionally grant the petition for writ of mandamus and direct the trial court to render an order granting mother's April 25, 2016 amended motion to transfer venue and transferring the SAPCR to Collin County within ten days of the date of this Court's order. The writ will issue only if the trial court fails to issue the order as directed herein **within ten days** from the date of this Court's order. Since we assume the trial court will comply with this opinion, we direct our clerk not to issue the writ of mandamus unless information is received that the district court has not so complied.

Writ of mandamus conditionally granted.

/Lana Myers/
LANA MYERS
JUSTICE

160753F.P05