**Conditionally Granted and Opinion Filed June 28, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00677-CV

### IN RE VIRGIE BERNICE WHITWORTH, Relator

**Original Proceeding from the 304th Judicial District Court
Dallas County, Texas
Trial Court Cause No. 0900395**

## MEMORANDUM OPINION
Before Justices Whitehill, Partida-Kipness, and Pedersen, III
Opinion by Justice Whitehill

The underlying proceeding is a Suit Affecting the Parent–Child Relationship ("SAPCR"). Relator, the child's paternal grandmother, moved to transfer venue of Father's modification proceeding to Smith County because the child resided in Smith County during the six month period preceding the filing of the modification proceeding. *See* TEX. FAM. CODE § 155.201(b). The trial court denied the motion.

In this original proceeding, Grandmother seeks a writ of mandamus directing the trial court to vacate the order denying transfer to Smith County and directing the trial court to transfer the case to Smith County. Grandmother maintains that Family Code §155.204(c) required that transfer because Father failed to controvert the transfer motion. We requested a response.

After reviewing the petition, Father's response, and the mandamus record, we conditionally grant the writ of mandamus.

## I.   BACKGROUND

Father filed a motion to modify the custody and visitation order on April 8, 2019 and sought to reduce relator's visitation and custody rights. On April 19, 2019, relator filed a motion to transfer the case to Smith County because the child resided in Smith County during the six month period preceding the filing of the modification proceeding.

Seven days later, Father filed an unsworn response to the motion to transfer. In that response, Father told the trial court that, in February 2019 the parties agreed to dismiss the transfer motion and the trial court signed orders dismissing the transfer motion and retaining the case in Dallas. Although such agreements and orders had been made in February 2019, they concerned a prior enforcement proceeding that was dismissed in February 2019. The April 2019 modification proceeding and transfer motion were new and not subject to the prior agreements.

On May 9, 2019, the trial court signed an order and issued findings denying the motion to transfer, finding that "this transfer was already decided on 2/12/19," and setting the case for "final trial" on Father's and Grandmother's competing motions to modify on July 26, 2019.

Grandmother now seeks a writ of mandamus directing the trial court to vacate the May 9, 2019 order and to grant the motion to transfer.

## II.   APPLICABLE LAW

The Family Code provides that the court of continuing, exclusive jurisdiction shall "on the timely motion of a party . . . transfer the proceeding to another county in this state if the child has resided in the other county for six months or longer." TEX. FAM. CODE. § 155.201(b). This provision is mandatory. *In re Burling*, No. 05-16-00529-CV, 2016 WL 3438075, at *1–2 (Tex. App.—Dallas June 21, 2016, orig. proceeding) (mem. op.) (citing *Cassidy v. Fuller*, 568 S.W.2d 845, 847 (Tex. 1978) (orig. proceeding). A motion is timely "if it is made on or before the first

Monday after the 20th day after the date of service of citation or notice of the suit . . . ." FAM. CODE § 155.204(b).

A party desiring to contest the transfer motion must file "a controverting affidavit denying that grounds for the transfer exist" on or before the first Monday twenty days after notice of the motion is served. *See* FAM. CODE § 155.204(d). If a motion to transfer is not timely controverted, the trial court has a mandatory, ministerial duty to promptly transfer to the county where the child at issue has resided for more than six months. FAM. CODE § 155.204(c); *In re Turner*, No. 05-02-01174-CV, 2002 WL 1933241, at *1 (Tex. App.—Dallas Aug. 22, 2002, orig. proceeding) (mem. op) (not designated for publication). When a controverting affidavit is filed but the affidavit fails to deny that grounds for transfer exist, the allegations in the motion to transfer are effectively uncontroverted. *See In re Burling*, 2016 WL 3438075, at *2 (citing *Martinez v. Flores*, 820 S.W.2d 937, 939–40 (Tex. App—Corpus Christi-Edinburg 1991, orig. proceeding)).

### III. MANDAMUS STANDARD

To obtain mandamus relief, Grandmother must show that the trial court has abused its discretion and that she has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). The Texas Supreme Court has consistently held that when the statutorily-required grounds for mandatory venue transfer under the Family Code exist, mandamus is proper because a trial court that improperly refuses its ministerial duty to transfer has abused its discretion. *See, e.g., Proffer v. Yates*, 734 S.W.2d 671, 673 (Tex. 1987) (orig. proceeding); *Cassidy*, 568 S.W.2d at 847. In such cases, remedy by direct appeal is inadequate because "[p]arents and children who have a right under the mandatory venue provisions to venue in a particular county should not be forced to go through a trial that is for naught. Justice demands a speedy resolution of child custody and child support issues." *Proffer*, 734 S.W.2d at 673; *see also In re Foreman*, No. 05-13-01618-CV, 2014 WL 72483, at *2 (Tex. App.—Dallas Jan. 9,

2014, orig. proceeding) (mem. op.); *In re Wilson*, No. 05-06-01107-CV, 2006 WL 2773100, at *1 (Tex. App.—Dallas Sept. 12, 2006, orig. proceeding) (mem. op.).

## IV.   ANALYSIS

Grandmother meets the mandamus standard here. Her motion was timely because it was filed eleven days after Father filed the motion to modify. Father's filing does not constitute a "controverting affidavit" because his response to the transfer motion: (i) is not verified, (ii) does not include an affidavit, and (iii) includes no discussion of the child's residence.

Once Father failed to timely-file a controverting affidavit, the trial court had a mandatory, ministerial duty to immediately transfer the case to Smith County. *See In re Alvarez*, No. 05-16-00753-CV, 2016 WL 4275032, at *3 Tex. App.—Dallas 2016, orig. proceeding) (mem. op.). By failing to do so, the trial court has violated that ministerial duty and abused its discretion. Thus, Grandmother is entitled to mandamus relief.

Accordingly, we conditionally grant the writ of mandamus and direct the trial court to issue, within thirty days of the date of this opinion, written rulings vacating its May 9, 2019 order denying Grandmother's motion to transfer venue, granting Grandmother's motion to transfer venue, and transferring the underlying proceeding to Smith County. We further direct the trial court to remove the underlying proceeding from its July 26, 2019 trial docket. A writ will issue if the trial court fails to comply.


/Bill Whitehill/
BILL WHITEHILL
JUSTICE


190677F.P05

–4–